FILED

SEP 8 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>ALLEN GESSEN,<br><br>Defendant - Appellant. | No. 24-2979<br><br>D.C. No.<br>3:22-cr-00276-JSC-1<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Jacqueline Scott Corley, District Judge, Presiding

Argued and Submitted July 7, 2026
San Francisco, California

Before: PAEZ, TALLMAN, and BENNETT, Circuit Judges.

Allen Gessen appeals his conviction for murder-for-hire under 18 U.S.C. § 1958. In this memorandum disposition, we resolve his evidentiary challenges and due process challenge. We address other issues in a concurrently filed opinion. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1. The district court did not abuse its discretion in allowing Special Agent David Rizzo to testify about his understanding of Gessen's statements. When Rizzo testified about his recorded communications with Gessen, the government asked Rizzo to explain Rizzo's understanding of statements that Gessen made. Gessen's counsel, in turn, objected on relevance grounds and that the question called for Rizzo to speculate as to Gessen's state of mind. But the district court largely overruled these objections, finding that Rizzo testified only "as to what he understood Mr. Gessen to be saying" and explaining that Rizzo "doesn't obviously know what was in Mr. Gessen's head."

On appeal, Gessen contends that this testimony was speculative and an improper opinion. The parties dispute whether Gessen's evidentiary challenge was properly preserved—and thus, whether the standard of review is abuse of discretion or plain error. *See* Fed. R. Evid. 103(a); *United States v. Gadson*, 763 F.3d 1189, 1199 (9th Cir. 2014); *Molina-Martinez v. United States*, 578 U.S. 189, 194 (2016). But because we find that the district court committed no error on either ground, it does not matter whether Gessen properly preserved these objections.

"A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. "[P]ersonal knowledge includes opinions and inferences grounded in observations and experience." *United States v. Whittemore*, 776 F.3d 1074, 1082

(9th Cir. 2015) (quoting *Great Am. Assurance Co. v. Liberty Surplus Ins. Corp.*, 669 F. Supp. 2d 1084, 1089 (N.D. Cal. 2009)). And for lay opinion testimony to be admissible, it must be "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701.

Rizzo testified about statements that Gessen made to him and vice versa. This is sufficient to satisfy the first requirement of Rule 701. *See United States v. Simas*, 937 F.2d 459, 464–65 (9th Cir. 1991).

"As to the second requirement, a lay witness' opinion concerning the witness' understanding of the declarant's statements or conduct may be helpful to the jury." *Id.* at 465. Gessen's statements to the undercover agent were often "vague" or coded, so "[t]he listener's understanding of the words and innuendo was helpful to the jury in determining what [the declarant] meant to convey." *See id.*; *see also United States v. Freeman*, 498 F.3d 893, 904–05 (9th Cir. 2007).

As to the third requirement, Rizzo did not base his testimony on scientific, technical, or other specialized knowledge within the scope of Rule 702. He testified about his own understanding of his conversations with Gessen, which is an appropriate subject of a lay opinion. And Rizzo's opinions were based on his own participation in the conversation and his personal knowledge of the investigation,

not any specialized training. *See United States v. Perez*, 962 F.3d 420, 436 (9th Cir. 2020) ("[W]hether evidence is more properly offered by an expert or a lay witness depends on the basis of the opinion, not its subject matter." (citation modified)).

Gessen presses that Rizzo offered expert testimony on the ultimate question of fact, Gessen's mental state, in violation of Rule 704(b). But Rizzo did not testify about Gessen's intent. He offered his own understanding of their conversations. Indeed, the district court instructed the jury that Rizzo was not testifying about "what was in Mr. Gessen's head."

For these reasons, Rizzo's testimony was properly admitted as a lay opinion and was not improperly speculative.

2. The district court did not abuse its discretion in admitting evidence of Gessen's prior international abductions of his son and his parental kidnapping charge. "Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). But such "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2).

> Evidence of other acts may be admitted if: (1) the evidence tends to prove a material point; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed

> the other act; and (4) (in cases where knowledge and intent are at issue) the act is similar to the offense charged.

*United States v. Flores-Blanco*, 623 F.3d 912, 919 (9th Cir. 2010) (quoting *United States v. Mayans*, 17 F.3d 1174, 1181 (9th Cir. 1994)). "If the evidence meets this test under Rule 404(b), the court must then decide whether the probative value is substantially outweighed by the prejudicial impact under Rule 403." *United States v. Bailey*, 696 F.3d 794, 799 (9th Cir. 2012) (quoting *United States v. Romero*, 282 F.3d 683, 688 (9th Cir. 2002)). And by the text of Rule 403, we do not look at "prejudice" per se, we look at "unfair prejudice." *See* Fed. R. Evid. 403; *United States v. Ruiz*, 167 F.4th 1024, 1036 (9th Cir. 2026).

Evidence that Gessen took his son out of the country in 2019 and 2021 is admissible under Rule 404(b)(2) and is not barred by Rule 403. The evidence tended to prove the material issues of Gessen's motive and intent. At trial, Gessen disputed his intent and denied any motive to murder Priscilla Chigariro, the mother of his children. But evidence of the abductions was probative of Gessen's motive and intent: to obtain exclusive custody of his son by extreme means. Indeed, Gessen discussed the 2021 incident and his resulting criminal charges with Rizzo, explaining that he was "pissed off" at Chigariro for getting him arrested for kidnapping and that he wanted to "get rid of her." The acrimonious custody proceedings, Gessen removing his son from the country, and his arrest all bear on Gessen's motive and intent.

As to the timeliness requirement, Gessen's June 2019 kidnapping of his son, which continued until July 2021, occurred within three years of the charged conduct in June 2022. And Gessen's December 2021 flight to Canada occurred within six months of it. This is sufficiently contemporaneous to the charged conduct. *See, e.g.*, *United States v. Lozano*, 623 F.3d 1055, 1059–60 (9th Cir. 2010) (per curiam) (concluding that three years is not too remote); *United States v. Banks*, 514 F.3d 959, 976 (9th Cir. 2008) (finding that prior act evidence which occurred four years prior was not too remote when the government introduced the evidence to show motive).

Gessen concedes that he removed his son from the country in 2019 and 2021 and intended to gain sole custody of him. Thus, there is no dispute that he committed the prior acts.

The prior acts are also similar enough to the murder-for-hire offense to show Gessen's motive and intent. "[P]ast conduct need not be identical to the conduct charged, but instead need only be similar enough to be probative of intent." *United States v. Johnson*, 132 F.3d 1279, 1283 (9th Cir. 1997). The jury could reasonably conclude that Gessen's motive as to each was the same: to gain sole custody. And the prior abductions and the offense "involved the same participants," *United States v. Cox*, 963 F.3d 915, 924–25 (9th Cir. 2020), Gessen, Chigariro, and their son.

Finally, the probative value of the evidence was not substantially outweighed by its potential for *unfair* prejudice. While the evidence was prejudicial in the

general sense of increasing the likelihood of conviction (as is the case with all damaging evidence), we see nothing about it that was *unfairly* prejudicial. The evidence neither "create[d] a risk that [Gessen] would be convicted 'on a ground different from proof specific to the offense charged'" nor would it have "shock[ed] the average juror or otherwise render[ed] the jury incapable of weighing the evidence in a disinterested manner." *See Banks*, 514 F.3d at 976–77 (quoting *Old Chief v. United States*, 519 U.S. 172, 180 (1997)). Even assuming the evidence had some unfairly prejudicial effect, it was "minimized" by the district court's instructions to the jury, *see Flores-Blanco*, 623 F.3d at 920, and any danger of unfair prejudice did not substantially outweigh the probative value of the evidence as to Gessen's motive and intent.

3. The district court's failure to remedy one of the prosecutor's cross-examination questions did not violate Gessen's right to due process. A prosecutor's misconduct is constitutional error only when it "so infect[s] the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)); *see Greer v. Miller*, 483 U.S. 756, 765–67 (1987) (applying *Darden*'s quote from *Donnelly* to a prosecutor "asking an improper question in the presence of the jury").

During Gessen's direct examination, counsel asked about the custody arrangement between Gessen and Chigariro. At one point, Gessen explained that he "wanted, at any cost, to be reunited with the children." In the next question, counsel sought to "clarify" Gessen's response: "Now, I want to clarify something. You just said by any means, or at any cost, you wanted to be reunited with the children. Would that include murder of Ms. Chigariro?" Gessen responded, "No, sorry. I - no. I meant not at any cost; at any reasonable cost."

On cross-examination, the prosecutor attempted to seize on Gessen's statement. She pressed, "you also said that you wanted to be reunited with your children at any cost." Gessen responded, "Oh, I testified that, right." And the prosecutor replied, "And then your lawyer helped you and said: Oh -." Gessen's counsel objected, and the prosecutor rephrased. Gessen did not then ask the court to rule on his objection, nor did he seek any further remedy, such as striking the question or instructing the jury to disregard it.

Even assuming that the prosecutor's question was improper, Gessen has not shown that the district court's failure to remedy it violated his right to due process. At issue is a single question, which the prosecutor voluntarily withdrew and rephrased—without further objection. The extensive and outrageous misconduct that the Supreme Court held insufficient in *Darden v. Wainwright*, *see* 477 U.S. at 179–81 & nn.9–12, is far worse than the single question here. And given the strength

of the evidence against Gessen, we see no basis to conclude that the question "so infected the trial with unfairness" as to deny Gessen due process. *See id.* at 181 (quoting *Donnelly*, 416 U.S. at 643).

**AFFIRMED.**

## UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

### Information Regarding Judgment and Post-Judgment Proceedings

**Judgment**

- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36. Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

**Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)**

- The mandate will issue 7 days after the expiration of the time for filing a petition for rehearing or 7 days from the denial of a petition for rehearing, unless the Court directs otherwise. To file a motion to stay the mandate, file it electronically via the appellate electronic filing system or, if you are a pro se litigant or an attorney with an exemption from the electronic filing requirement, file one original motion on paper.

**Petition for Panel Rehearing and Petition for Rehearing En Banc (Fed. R. App. P. 40; 9th Cir. R. 40-1 to 40-4)**

**(1) Purpose**

**A. Panel Rehearing:**

- A party should seek panel rehearing only if one or more of the following grounds exist:
  - ➢ A material point of fact or law was overlooked in the decision;
  - ➢ A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
  - ➢ An apparent conflict with another decision of the Court was not addressed in the opinion.
- Do not file a petition for panel rehearing merely to reargue the case.

**B. Rehearing En Banc**

- A party should seek en banc rehearing only if one or more of the following grounds exist:
  - ➢ Consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions; or
  - ➢ The proceeding involves a question of exceptional importance; or

- ➢ The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2) Deadlines for Filing:**

- A petition for rehearing or rehearing en banc must be filed within 14 days after entry of judgment. Fed. R. App. P. 40(d).
- If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment. Fed. R. App. P. 40(d). The deadlines for seeking reconsideration of a non-dispositive order are set forth in 9th Cir. R. 27-10(a)(2).
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- See Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication. 9th Cir. R. 40-4.

**(3) Statement of Counsel**

- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist. The points to be raised must be stated clearly.

**(4) Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))**

- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- The petition must be accompanied by a copy of the panel's decision being challenged.
- An answer, when ordered by the Court, shall comply with the same length limitations as the petition.
- If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

- The petition or answer must be accompanied by a Certificate of Compliance found at Form 11, available on our website at www.ca9.uscourts.gov under *Forms*.
- Attorneys must file the petition electronically via the appellate electronic filing system. No paper copies are required unless the Court orders otherwise. If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper. No additional paper copies are required unless the Court orders otherwise.

**Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)**

- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information, available on our website at www.ca9.uscourts.gov under *Forms*.

**Attorneys Fees**

- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.
- All relevant forms are available on our website at www.ca9.uscourts.gov under *Forms* or by telephoning (415) 355-8000.

**Petition for a Writ of Certiorari**

- The petition must be filed with the Supreme Court, not this Court. Please refer to the Rules of the United States Supreme Court at www.supremecourt.gov.

**Counsel Listing in Published Opinions**

- Please check counsel listing on the attached decision.
- If there are any errors in a published opinion, please send a letter **in writing within 10 days** to:
  - ➢ Thomson Reuters; 610 Opperman Drive; PO Box 64526; Eagan, MN 55123 (Attn: Maria Evangelista, maria.b.evangelista@tr.com);
  - ➢ **and** electronically file a copy of the letter via the appellate electronic filing system by using the Correspondence filing category, or if you are an attorney exempted from electronic filing, mail the Court one copy of the letter.

**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

**Form 10. Bill of Costs**

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form10instructions.pdf*

**9th Cir. Case Number(s)**

**Case Name**

Name of party/parties requesting costs to be taxed:

I swear under penalty of perjury that the copies for which costs are requested were actually and necessarily produced, and that the requested costs were actually expended.

**Signature** **Date**
*(use "s/[typed name]" to sign electronically-filed documents)*

| **COST TAXABLE** | **REQUESTED** *(each column must be completed)* | | | |
|---|---|---|---|---|
| DOCUMENTS / FEE PAID | No. of Copies | Pages per Copy | Cost per Page | TOTAL COST |
| Excerpts of Record* | | | $ | $ |
| Principal Brief(s) *(Opening Brief; Answering Brief; 1st, 2nd, and/or 3rd Brief on Cross-Appeal; Intervenor Brief)* | | | $ | $ |
| Reply Brief / Cross-Appeal Reply Brief | | | $ | $ |
| Supplemental Brief(s) | | | $ | $ |
| Petition for Review Docket Fee / Petition for Writ of Mandamus Docket Fee / Appeal from Bankruptcy Appellate Panel Docket Fee/Appeal from District Court filing portion of fee ($5) | | | | $ |
| | | | **TOTAL:** | $ |

***Example:** Calculate 4 copies of 3 volumes of excerpts of record that total 500 pages [Vol. 1 (10 pgs.) + Vol. 2 (250 pgs.) + Vol. 3 (240 pgs.)] as:*
*No. of Copies: 4; Pages per Copy: 500; Cost per Page: $.10 (or actual cost IF less than $.10);*
*TOTAL: 4 x 500 x $.10 = $200.*